respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

PEOPLE ex rel. HEALEY v. BINGHAM. (Supreme Court, Appellate Division, First Department. June 12, 1908.) Proceedings by the people of the state of New York, on the relation of Michael Healey, against Theodore A. Bingham, as police commissioner. J. M. Mayer, for relator. T. Connolly, for respondent. No opinion. Writ dismissed, and proceedings affirmed, with $50 costs and disbursements. Order filed.

PEOPLE ex rel. HEFFERNAN, Respondent, v. DEALY, Mayor, Appellant. (Supreme Court, Appellate Division, Third Department. June 13, 1908.) Proceedings by the people of the state of New York, on the relation of Christopher J. Heffernan, against Jacob H. Dealy, as mayor of the city of Amsterdam, N. Y. No opinion. Order unanimously affirmed, with costs.

PEOPLE ex rel. HYDE, Respondent, v. STEVENS, Appellant. (Supreme Court, Appellate Division, Third Department. June 18, 1908. Proceedings by the people of the state of New York, on the relation of Hiram Hyde, against Frederick C. Stevens, superintendent of public works of the state of New York. No opinion. Order reversed, with costs, and application denied, with $50 costs and disbursements, on the ground of laches in making the application.

PEOPLE ex rel. JENKINS, Respondent, v. KUHNE, Appellant. (Supreme Court, Appellate Division. Second Department. June 5, 1908.) Proceedings by the people of the state of New York, on the relation of Frank Jenkins, against August Kuhne. No opinion. Appeal dismissed, on the ground that the review herein has been taken by certiorari, which seems to be the proper method.

PEOPLE ex rel. KUHNE v. BURR, Justice of Supreme Court. (Supreme Court, Appellate Division, Second Department. June 5, 1908.) Certiorari by the people of the state of New York, on the relation of August Kuhne, against Joseph A. Burr, justice of the Supreme Court, to review a determination of the Special Term adjudging relator guilty of contempt. Order affirmed, upon opinion at Special Term. 107 N. Y. Supp. 1020. Edward Lazansky (James D. Bell, Joseph J. Corn, and Louis Franklin Levy, on the brief), for relator. Stephen C. Baldwin, for defendant.

PER CURIAM. Order affirmed, upon the opinion of Mr. Justice Burr at Special Term.

MILLER, J. (dissenting). The relator seeks by certiorari to review a determination of the Special Term adjudging him guilty of a willful disobedience of a lawful mandate of the court, to wit, a writ of habeas corpus, and directing that he be imprisoned in the county jail of Kings county for a period of 30 days and pay a fine of $250, or in default thereof be imprisoned in the said jail until said fine is paid, or for the further period of 30 days. Such a determination may be reviewed by certiorari. People ex rel. Taylor v. Forbes, 143 N. Y. 219, 38 N. E. 303. Section 8 of the Code of Civil Procedure, in so far as applicable, provides: "A court of record has power to punish for a criminal contempt, a person guilty of either of the following acts, and no others: * * * (3) Willful disobedience to its lawful mandate." Said writ of habeas corpus was allowed by a justice of the Supreme Court on the 26th day of November, 1907. When allowed it read as follows: "Writ of Habeas Corpus. People of the State of New York to the Police Officers or Other Persons in Charge of John G. Jenkins, Jr.: We command you that you have the body
   Frank
of ~~John G.~~ Jenkins, Jr., by you imprisoned and detained, as it is said, together with the time and cause of such imprisonment and detention, by whatsoever name the said John G. Jenkins, Jr., is called or charged, before me, a justice of the Supreme Court, forthwith and immediately upon the receipt of this writ at my chambers in the courthouse, in the borough of Brooklyn, city of New York, to do and receive what shall then and there be considered concerning the said
Frank
~~John G.~~ Jenkins, Jr., and have you then and there this writ. Witness, Hon. Joseph A. Burr, one of the justices of this court, the 26th day of November, 1907. Allowed. Jos. A. Burr, J. S. C." The name "John G.," as originally typewritten, had been stricken out in two places, and the word "Frank" interlined with a pen, as indicated supra. In the petition attached to the writ the name "Frank" had been substituted in the same manner for the name "John G." wherever that name had appeared as originally typewritten. Said writ was issued and served under the following circumstances:

John G. Jenkins, Jr., and Frank Jenkins, were indicted by a grand jury of Kings county, and bench warrants for their arrest were issued by the district attorney and delivered to the relator on the morning of said 26th day of November. The relator, who was acting captain of the detective bureau of the police department in the borough of Brooklyn, gave said warrants to two officers to be executed. Thereafter on said day said Frank Jenkins voluntarily appeared in County Court, was arraigned, and released on bail, but on leaving the courthouse was arrested by said officers, who, against his protest and that of his counsel, Mr. Baldwin, proceeded to take him to police headquarters, where it was feared he would be photographed and measured according to the custom of the police department. Earlier in the day Mr. Baldwin had prepared the papers to obtain a writ of habeas corpus on behalf of John G. Jenkins, Jr., in anticipation of an attempt by the police to photograph and measure him. Said papers were hurriedly changed as hereinbefore stated, the writ was allowed by a justice of the Supreme Court, and an effort was made to serve it on said officers before they had reached police headquarters with their prisoner; but they disregarded the attempted service. Another attorney, Mr. Wilson, then took said papers, and upon reaching police headquarters noticed that the name "John G. Jenkins, Jr.," still appeared in two places in the writ. He thereupon struck